1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT

8            EASTERN DISTRICT OF CALIFORNIA

9

10   SASHA FAUGHT,                          No.  2:17-cv-01706-MCE-KJN

11                 Plaintiff,

12          v.                              **MEMORANDUM AND ORDER**

13   WELLS FARGO BANK, N.A.; BARRET
     DAFFIN FRAPIER TREDER & WEISS,
14   LLP; and DOES 1-10, inclusive,

15                 Defendant.

16

17          Plaintiff Sasha Faught ("Plaintiff") originally filed this action in the Sacramento

18   County Superior Court, alleging four causes of action against Defendants Wells Fargo

19   Bank, N.A. ("Wells Fargo") and Barret Daffin Frapier Treder & Weiss, LLP ("BDFT&W").

20   Specifically, Plaintiff alleges negligence and violation of Cal. Civ. Code § 2924.10[1]

21   against Wells Fargo in her first and third claims for relief, respectively, and violations of

22   Cal. Civ. Code § 2923.6(c)[2] against both Wells Fargo and BDFT&W in her second and

23          ───────────────────

24          [1] The California Legislature repealed Cal. Civ. Code § 2924.10 in January 2018, but the statute
     still governs events that occurred from January 1, 2013, through December 31, 2017, and therefore it
     applies to this case.  See Cal. Civ. Code § 2924.10 (West 2013) ("This section shall remain in effect only

25   until January 1, 2018").

26          [2] Similarly, the California Legislature amended Cal. Civ. Code § 2923.6(c) effective January 1,
     2018, but the prior version of the statute governs events that took place before the time of enactment,
     including the events underlying this case.  The prior version of the California Homeowner Bill of Rights

27   explicitly provided that it was effective from January 1, 2013, through January 1, 2018.  See Cal. Civ. Code
     § 2923.6 (West 2013) ("This section shall remain in effect only until January 1, 2018").  Therefore, the prior

28   version of § 2923.6(c) will be applied in this case.

                                         1

fourth claims for relief.  Defendant Wells Fargo removed the case to this Court.

Presently before the Court are Defendant Wells Fargo's Motion to Dismiss, ECF No. 3,

and Plaintiff's Motion to Remand, ECF No. 7.[3]  For the following reasons, Plaintiff's

Motion to Remand is DENIED and Defendant's Motion to Dismiss is GRANTED.[4]

**REQUESTS FOR JUDICIAL NOTICE**

Defendant submits a Request for Judicial Notice ("RJN") in support of its Motion

to Dismiss, ECF No. 4, and another RJN in support of its Opposition to Plaintiff's Motion

to Remand, ECF No. 11.  Many of the documents in the first RJN explain how Defendant

became the successor-in-interest to World Savings Bank ("WSB"), Federal Savings

Bank ("FSB"), later renamed Wachovia Mortgage ("Wachovia") FSB, through several

mergers and acquisitions.  Other documents in this RJN include documents in the public

record regarding Plaintiff's default on her real property known as 5659 Los Pueblos Way,

Sacramento, CA 95835 (the "Subject Property"), as well as the correspondence between

Plaintiff and Defendant regarding the Subject Property.  A court may judicially notice

documents that are referenced in the complaint and that are not questioned by the

parties.  See London v. Wells Fargo Bank, N.A., 2018 WL 621262 (E.D. Cal. Jan. 29,

2018).  Because the correspondence between Wells Fargo and Plaintiff forms much of

the substance of Plaintiff's complaint, and because Plaintiff does not oppose this RJN,

the Court GRANTS Defendant's RJN in support of Defendant's Motion to Dismiss.

The second RJN consists of the complaint filed with the Sacramento Superior

Court in the Aguilar v. Wells Fargo Bank, N.A. case, and a judicial order in another case,

Ogamba v. Wells Fargo Bank, N.A.  The Court may judicially notice court documents

---

[3] Because oral argument would not have been of material assistance in deciding these motions, the Court ordered that they be submitted on the briefs pursuant to Local Rule 230(g).

[4] Defendant argues for dismissal on various additional grounds but as discussed below, because the Court finds that Plaintiff's claims are preempted by Home Owners' Loan Act, the Court does not address Defendant's additional grounds for relief.

such as these. See Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). Because Plaintiff does not oppose this RJN, either, Defendant's RJN in support of its Opposition to Plaintiff's Motion to Remand is also GRANTED.

**BACKGROUND[5]**

On August 15, 2005, Plaintiff obtained a mortgage loan with WSB, FSB. The loan succeeded to Wachovia Mortgage, FSB, and ultimately to Defendant Wells Fargo in October 2008. The loan was memorialized in a promissory note and secured by a Deed of Trust recorded against the "Subject Property". The loan was in the amount of $393,600.00, and the Deed of Trust was recorded on August 22, 2005.

In 2010, Plaintiff filed for Chapter 13 bankruptcy, and she was laid off from her job in 2011. After again obtaining gainful employment in 2013, Plaintiff claims she received a discharge in her bankruptcy in 2016. Plaintiff states she contacted Defendant Wells Fargo after receiving that discharge to request a loan modification to avoid foreclosure on her home. Plaintiff alleges Defendant Wells Fargo "invited" her to submit a loan modification application.

Plaintiff alleges that Defendant Wells Fargo mishandled the documents she sent in as part of her loan modification request. She claims that she repeatedly sent Wells Fargo the required documents, but Wells Fargo responded that the documents were "[n]ot yet received." Plaintiff alleges that she ultimately sent Wells Fargo a "complete application," but Wells Fargo never communicated a "determination" to her on the status of her application. Wells Fargo recorded a Notice of Default on the Subject Property on February 14, 2017.

///

///

_____

[5] Unless otherwise noted, the following recitation of background facts is taken from Plaintiff's Complaint (ECF No. 1-1), her Opposition to Defendants' Motion to Dismiss (ECF No. 8), and the judicially noticed documents contained in ECF Nos. 4 and 11.

3

**STANDARD**

**A.      Motion to Remand**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id.  Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).  If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney's fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law.  Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

4

**B.      Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge

that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

### A.    Plaintiff's Motion to Remand

Plaintiff challenges diversity jurisdiction on the grounds that the amount in controversy requirement of 28 U.S.C. § 1332 has not been met. As laid out below, Plaintiff's argument lacks merit.

First, it is clear and undisputed that there is complete diversity of citizenship between the parties. For purposes of diversity jurisdiction, a national bank like Wells Fargo is considered a citizen only of the state in which its main office is located. Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006). The Ninth Circuit has ruled that,

for purposes of diversity jurisdiction, Wells Fargo is a citizen "only of South Dakota, where its main office is located…." Rouse v. Wachovia Mortgage, FSB, 747 F.3d 707, 715 (9th Cir. 2014). Plaintiff is domiciled in California. Therefore, diversity of citizenship is satisfied.

Next is the amount in controversy, which must be more than $75,000. Defendant has met its burden of establishing that it is more likely than not that the amount in controversy here exceeds $75,000. Plaintiff argues that that amount in controversy for her negligence claim should be measured as "the value lost in being deprived of an opportunity to have her application for a loan modification evaluated and determined." ECF No. 7-1 at 4. As for the other three statutory claims for relief, Plaintiff argues that the amount in controversy "is an indivisible value of the injunction to postpone a trustee's sale," which is presumably less than $75,000. ECF No. 7-1 at 4. Defendant contends that the mortgage value of $393,600 is the amount in controversy because Plaintiff's primary purpose in her lawsuit is to stop Wells Fargo from foreclosing on the Subject Property, making the Subject Property the object of the litigation. ECF No. 10 at 3-4.

Defendant's position is supported by the relevant case law. As this Court determined in Jerviss v. Select Portfolio Servicing, Inc., 2015 WL 7572130 (Nov. 25, 2015), the court "conducts a functional analysis of the amount in controversy based on the plaintiff's primary objective in bringing suit." The Court particularly looks to determine whether the plaintiff "primarily seeks to enjoin a foreclosure or instead primarily seeks damages under what essentially constitutes a common law fraud action." Id. at *4. Three factors help determine the plaintiff's primary purpose: "whether the plaintiff is in default on its loan, whether a notice of default has been filed, and whether foreclosure proceedings are imminent." Id. If the court determines that it is the plaintiff's primary goal to prevent foreclosure of the property, then the loan amount "is the proper measure of the amount in controversy." Id.

Application of the Jerviss factors to this case reveals that it is indeed Plaintiff's main goal in her lawsuit to prevent foreclosure of the Subject Property. Plaintiff is in

default on the loan, satisfying the first <u>Jerviss</u> factor, and Wells Fargo has filed a Notice of Default on the Subject Property, satisfying the second. ECF No. 1-1 at 7. Finally, Plaintiff specifically requests that Defendants be "preliminarily and/or permanently enjoined from conducting any further foreclosure proceedings" on the Subject Property. ECF No. 1-1 at 16. Although it is not clear how imminent a foreclosure sale of the Subject Property is, the first two <u>Jerviss</u> factors, together with Plaintiff's request for injunctive relief, all support the conclusion that the value of the mortgage on the Subject Property is the proper measure of the amount in controversy. Accordingly, the amount in controversy here is the amount of Plaintiff's loan: $393,600.

Because the parties in this case satisfy 28 U.S.C. § 1332, including the amount in controversy requirement, this Court has jurisdiction over Plaintiff's claims for relief. Plaintiff's Motion for Remand is therefore DENIED.

### B.    Motion to Dismiss

Defendant Wells Fargo argues that Plaintiff's Complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6), and that her claims under Cal. Civ. Code §§ 2923.6(c) and 2924.10 in the California Homeowner Bill of Rights ("HBOR") are preempted by the federal Home Owners' Loan Act ("HOLA"). As mentioned above, because the Court finds that all four of Plaintiff's claims are preempted by HOLA, it need not reach Defendant's other grounds for dismissal.

### 1.    Background on HOLA

By passing HOLA, Congress gave the Office of Thrift Supervision ("OTS") the authority to regulate thrifts. <u>Silvas v. E*Trade Mortg. Corp.</u>, 514 F.3d 1001, 1005 (9th Cir. 2008). Pursuant to this authority, OTS promulgated Code of Federal Regulations Section 540.2, a preemption regulation that explicitly provides for field preemption of lending regulation: "OTS hereby occupies the entire field of lending regulation for [federal savings banks]." 12 C.F.R. § 560.2(a); <u>see also</u> <u>Silvas</u>, 514 F.3d at 1005. The Ninth Circuit has adopted OTS's analytical framework for determining whether HOLA preempts a state law claim through § 560.2. <u>Silvas</u>, 514 F.3d at 1005.

Section 560.2, as promulgated by OTS and accepted by the Ninth Circuit, provides that it preempts most state laws regarding lending regulation, including "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(10).

To determine if a specific state law is preempted by HOLA, a court must first look to the list of specific examples provided in § 560.2(b). If that inquiry is not dispositive, the court must then determine whether the law in question nonetheless affects lending, keeping in mind the Ninth Circuit's mandate that "[a]ny doubt should be resolved in favor of preemption." Silvas, 514 F.3d at 1005.

Here, the Court first determines whether HOLA and § 560.2 apply to Plaintiff's loan, and if so, how HOLA preemption affects Plaintiff's claims.

### 2.    HOLA Preemption Applies to Plaintiff's Loan

Pursuant to § 560.2, HOLA only regulates lending for FSBs. Wells Fargo itself is not an FSB, but Plaintiff's loan originated with WSB, which is a FSB. As a preliminary matter, Plaintiff contends that Wells Fargo did not "inherit" HOLA protection through its merger with Wachovia (which had previously subsumed WSB) for loans that originated at those banks. ECF No. 8 at 7-8. Defendant Wells Fargo argues that HOLA preemption "runs with the loan," noting that courts, including this one, have repeatedly applied HOLA preemption to identical claims against Wells Fargo regarding loans that originated with WSB and Wachovia. ECF No. 3 at 6-7.

Although there is a split among courts on the matter, this Court has previously been persuaded, and has not since changed its position, that HOLA preemption runs with the loan. See, e.g., Heagler v. Wells Fargo Bank. N.A., No. 2:16-cv-01963-MCE-KJN, 2017 WL 1213370 (E.D. Cal. Mar. 31, 2017) ("This Court finds…that HOLA preemption attaches to the loan."). Despite the several cases that Plaintiff cited in her brief, the persuasive weight of authority supports the conclusion that HOLA preemption attaches to the loan, and thus that Wells Fargo can raise that defense here. Therefore, HOLA does apply to Plaintiff's loan with Wells Fargo.

### 3.     Each of Plaintiff's Claims Are Preempted by HOLA

The Court now turns to analyze the impact of HOLA preemption on Plaintiff's specific claims against Defendants.  Plaintiff seeks relief by way of four California state law claims: (1) negligence; (2) violation of section 2923.6(c) of California's HBOR; (3) violation of section 2924.10 of the HBOR; and (4) a second violation of section 2923.6(c) of the HBOR.[6]

The Court first looks to § 560.2(b) to see if the state law in question is specifically listed as an example of a HOLA-preempted state law.  Silvas, 514 F.3d at 1005. Section 560.2(b)(10) provides that state laws related to the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" are preempted.  Because Plaintiff's HBOR claims pertain to the processing and servicing of a mortgage, her claims therefore fall under HOLA preemption.  See Villareal v. Seneca Mortg. Servs., No. 1:14-cv-02033-MCE-GSA, 2015 U.S. Dist. LEXIS 64868, at *16-17 (E.D. Cal. May 16, 2015).  Therefore, Plaintiff's second, third, and fourth claims are preempted by HOLA.

Remaining is Plaintiff's negligence claim against Wells Fargo.  Section 560.2(b) does not include generally applicable state laws like negligence, so it is not immediately apparent that Plaintiff's negligence claim activates HOLA preemption.  However, the Court must "consider the functional effect upon lending operations of maintaining the cause of action," and not "look merely to [the] abstract nature" of the claim.  Vargas v. Wells Fargo Bank, N.A., 2015 WL 10791959 (C.D. Cal. Aug. 17, 2015).  The Court must determine whether Plaintiff's negligence cause of action "affect[s] lending" such that it is preempted by HOLA.  Villareal, 2015 U.S. Dist. LEXIS 64868, at *14-15 ("If a state law does not fall within the list of proscribed areas, the court must determine whether the law

---

[6] See Cal. Civ. Code § 2923.6(c) (West 2013) ("If a borrower submits a complete application for a first lien loan modification…the borrower's mortgage servicer…shall not record a notice of default or notice of sale or conduct a trustee's sale, while the complete first lien loan modification application is pending."); Cal. Civ. Code § 2924.10 (West 2013) ("When a borrower submits a complete first lien modification application or any document in connection with a first lien modification application, the mortgage servicer shall provide written acknowledgment of the receipt of the documentation within five business days of receipt.").

affects lending….") (internal citations omitted).  As explained below, the Court finds that Plaintiff's claim does affect lending, and thus that it is preempted by HOLA.

Plaintiff's negligence claim arises out of Defendant's alleged mishandling of her loan modification request and application.  If a negligence claim would, "as applied, impose heightened requirements on lenders, most district courts have concluded it is preempted."  Lewis v. Wells Fargo Bank, N.A., 2015 WL 12778412, at *6 (C.D. Cal. Dec. 23, 2015).  As this Court has previously held, negligence claims such as Plaintiff's that arise out of loan modification processing do "affect lending" and are therefore preempted by HOLA.  Heagler, 2017 WL 1213370, at *5.  See also Poyorena v. Wells Fargo Bank, N.A., 2014 U.S. Dist. LEXIS 49319, at *16-18 (C.D. Cal. Apr. 3, 2014) ("While Plaintiff's claims are of general applicability, claims for negligence arising out of loan modifications plainly fall within the scope of [§ 560.2(b)].").  Therefore, Plaintiff's negligence claim against Wells Fargo is preempted by HOLA.

Because HOLA applies to Plaintiff's loan and preempts each of her claims against Wells Fargo, Wells Fargo's Motion to Dismiss is GRANTED.

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Remand, ECF No. 7, is DENIED, and Defendant's Motion to Dismiss, ECF No. 3, is GRANTED.  Because the Court finds that each of Plaintiff's claims is preempted by HOLA, granting leave to amend would be futile, and, consequently, Plaintiff's claims are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated:  February 26, 2018

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE